**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1858

JUDY G. STANLEY,

Plaintiff - Appellant,

versus

JO ANNE BARNHART, Commissioner of Social
Security,

Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.  Pamela Meade Sargent,
Magistrate Judge.  (CA-03-84-2)

Submitted:  November 3, 2004       Decided:  November 18, 2004

Before NIEMEYER and LUTTIG, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

John P. Bradwell, SHORTRIDGE & SHORTRIDGE, P.C., Abingdon,
Virginia, for Appellant.  Donna L. Calvert, Regional Chief Counsel,
Patricia M. Smith, Deputy Regional Chief Counsel, Reesha Trznadel,
Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION,
Philadelphia, Pennsylvania; John L. Brownlee, United States
Attorney, Julie C. Dudley, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Judy G. Stanley appeals the district court's decision affirming the Commissioner's denial of supplemental security income benefits. We affirm.

Stanley makes the following arguments: (1) the administrative law judge ("ALJ") improperly substituted his own opinion for the opinion of the medical experts; (2) the ALJ improperly weighed the residual function capacity assessments of non-examining state agency physicians; and (3) the ALJ incorrectly concluded that Stanley was not disabled as a result of her mental impairments, despite her exertional abilities.

We must uphold the district court's disability determination if it is supported by substantial evidence. See 42 U.S.C. § 405(g) (2000); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stanley argues that the ALJ substituted his own opinion that Stanley did not suffer from a severe emotional impairment for those of the medical experts. This argument is without merit. In reaching his conclusion, the ALJ properly discredited medical assessments based solely on Stanley's subjective reports of emotional impairment. The medical source opinion regulations indicate that the more consistent an opinion is with the record as a whole, the more weight the Commissioner will give it. See 20 C.F.R. § 416.927(d) (2004). The bulk of the evidence indicated that Stanley's daily life activities were not

- 2 -

affected to the extent she alleged.  Thus, we find that the ALJ's opinion was supported by substantial evidence.

Next, Stanley argues that the ALJ improperly gave more weight to the residual functioning capacity assessments of non-examining state agency physicians over those of examining physicians.  This argument is also unavailing.  In reaching his conclusion, the ALJ properly considered the evidence provided by Drs. Senter and Kanwal in the context of the other medical and vocational evidence.  Again, the bulk of the evidence throughout the lengthy record indicated that Stanley's daily life activities were not limited to the extent alleged.

Finally, Stanley argues that the ALJ incorrectly concluded that she was not disabled as a result of her mental impairments, despite her exertional abilities.  Because we have already concluded that there is substantial evidence supporting the ALJ's finding that Stanley can perform limited light work, it is not necessary to address this argument.

Therefore, although Stanley clearly suffers from back and knee problems, as well as carpal tunnel syndrome, borderline intellectual functioning, depression, and anxiety, substantial evidence supports a finding that these deficiencies do not significantly limit Stanley's ability to perform limited light work.

Accordingly, we affirm the district court's order denying benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED